A CERTIFIED TRUE COPY
ATTEST

By Delora Davis on Feb 03, 2010

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Feb 03, 2010

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

FILED
CLERK'S OFFICE

IN RE: AETNA, INC., OUT-OF-NETWORK
"UCR" RATES LITIGATION
    Luminate Ohai v. Aetna Life Insurance Inc., et al.,
        N.D. Georgia, C.A. No. 1:09-2791

MDL No. 2020

## TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiff in this Georgia action moves pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), asking the Panel to vacate its order conditionally transferring the action to the District of New Jersey for inclusion in MDL No. 2020. Defendant Aetna Life Insurance Co. opposes the motion.

After considering all argument of counsel, we find that this action involves common questions of fact with actions in this litigation previously transferred to the District of New Jersey, and that transfer of this action to the District of New Jersey for inclusion in MDL No. 2020 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We further find that transfer of this action is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the District of New Jersey was a proper Section 1407 forum for actions involving claims challenging Aetna companies' policies and practices for reimbursing Aetna plan member visits to out-of-network providers and the Aetna companies' use of the Ingenix database to calculate usual, customary and reasonable rates. *See In re: Aetna, Inc., Out-of-Network "UCR" Rates Litigation*, 609 F.Supp.2d 1370 (J.P.M.L. 2009).

Plaintiff's claims against her employer are manageable within the context of MDL proceedings by separate discovery or motion tracks or otherwise. In addition, the transferee judge can tailor pretrial proceedings so that any potential hardship arising from plaintiff litigating in the District of New Jersey is minimized. *See In re West of the Rockies Concrete Pipe Antitrust Cases*, 303 F.Supp. 507 (J.P.M.L. 1969). Use of liaison counsel, lead counsel and steering committees alleviates this concern.

---

[*] Judge Hansen took no part in the disposition of this matter.

I HEREBY CERTIFY that the above and foregoing is a true and correct copy of the original on file in my office.
ATTEST
WILLIAM T. WALSH, Clerk
United States District Court
District of New Jersey
By _____ Deputy Clerk  2/5/10

-2-

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Faith S. Hochberg for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen* | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | David G. Trager |

IN RE: AETNA, INC., OUT-OF-NETWORK
"UCR" RATES LITIGATION

MDL No. 2020

## PANEL SERVICE LIST

Elizabeth J. Bondurant
SMITH MOORE LEATHERWOOD LLP
Atlantic Center Plaza
1180 West Peachtree Street
Suite 2300
Atlanta, GA 30309

Richard J. Doren
GIBSON DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197

Barry M. Epstein
WILENTZ GOLDMAN & SPITZER PA
90 Woodbridge Center Drive
Suite 900
Woodbridge, NJ 07095-0958

Joseph P. Guglielmo
SCOTT & SCOTT LLP
29 West 57th Street
14th Floor
New York, NY 10019

Luminate Ohai
2715 Tradd Court
Snellville, GA 30039

Christopher R. J. Pace
WEIL GOTSHAL & MANGES LLP
1395 Brickell Avenue
Miami, FL 33131