**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: AETNA UCR LITIGATION | MDL No. 2020 |
| | Civil No.: 07-cv-3541 (KSH) (CLW) |
| ***This Order Relates To:*** | |
| *Ohai v. Aetna Life Ins. Co. & Hyatt Corp.*, Civ. No. 10-636 | **OPINION** |

Luminate Ohai filed a complaint against Aetna Life Insurance Company and Hyatt Corporation in Georgia state court in August 2009. (*See* D.E. 1.)[1] She asserted a variety of federal and state law claims relating to Aetna's out-of-network payment rates for benefits under an employer-sponsored health benefits plan offered by Hyatt. (*Id.*) Defendants removed the case to the Northern District of Georgia in October 2009. (*Id.*) Over Ohai's opposition, the action was transferred to this Court as part of the above-captioned multidistrict litigation. That transfer became final in February 2010. (*See* D.E. 9, 10.)

Ohai has taken no discernable action since then to prosecute her case. She did not join either of the consolidated complaints filed in the primary action (MDL 2020, Civ. Action No. 07-3541) after her case was transferred here, nor is there any indication on the docket of her individual action that she pursued its resolution as an opt-out case. Moreover, defendants represent that, despite the case management orders directing discovery protocols, Ohai did not participate in or undertake any discovery.

After the majority of the remaining plaintiffs in the primary action reached a settlement in 2018 (see Civ. Action No. 07-3541, D.E. 1160, 1165, 1167), the Court issued an order on

---

[1] References to docket entries are to filings in D.N.J. Civil Action No. 10-cv-636 unless otherwise noted.

1

November 2, 2018 (the "November 2 Order") directing the remaining plaintiffs, including Ohai, to indicate the status of their actions and to explain why those actions should not be dismissed for lack of prosecution.  (D.E. 16; *see also* Civ. Action No. 07-3541, D.E. 1166.)  Ohai, specifically, was directed to "submit a letter to the Court setting forth the procedural posture of [her] action, including what steps she has taken to prosecute her case since it was transferred to this Court in February 2010, and why the case should not be dismissed for lack of prosecution." (D.E. 16 at 1.) Ohai did not respond to that order.  The November 2 Order also required Aetna and Hyatt to submit a position letter concerning the status of the action and the basis for their earlier-stated position (Civ. Action No. 07-3541, D.E. 1165 at 3-4) that the case should be dismissed or, alternatively that further pretrial proceedings should take place before this Court. (D.E. 16 at 2.)  The defendants submitted the letter required by the Order, noting that since transfer of Ohai's action to  this Court, she "made no filings on any docket in this MDL, including either the individual docket or the master docket, nor did she join in any filings by other plaintiffs in this docket."  (D.E. 17 at 2.)

Defendants request that the action be dismissed for lack of prosecution.  Fed. R. Civ. P. 41(b) permits this relief, providing that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In the Third Circuit, the *Poulis* factors govern whether a case should be dismissed under Rule 41(b). These factors examine:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 131-32 (3d Cir. 2019) (quoting *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).  No single factor is dispositive, and not all factors must point to dismissal for that course of action to be appropriate.  *Id.*; *see also Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008). Nonetheless, dismissal is a disfavored sanction, and "cases should be decided on the merits barring substantial circumstances in support of the contrary outcome."  *Hildebrand*, 923 F.3d at 132.

Here, consideration of the *Poulis* factors supports dismissal of this action, which Ohai has wholly failed to prosecute in the decade since its transfer to this district.  First, Ohai is a *pro se* litigant, and her failure to prosecute is her responsibility alone.  *Miller v. Advocare, LLC*, 2013 U.S. Dist. LEXIS 71451, at *7-8 (D.N.J. May 21, 2013) (Rodriguez, J.). If there is any explanation for it, she has not provided one, despite having been given an opportunity to do so. Moreover, Ohai's failure to participate in discovery or, for that matter, make any other efforts to prosecute her case once it was transferred here, contravenes the Court's various case management orders governing the multidistrict litigation, which included, among other requirements, measures intended to streamline the litigation and deadlines and parameters for discovery.  (*See, e.g.*, D.E. 212, 315, 351.)  This factor favors dismissal.  *Accord Emerson v. Thiel College*, 296 F.3d 184, 190-91 (3d Cir. 2002) (affirming dismissal where *pro se* plaintiff's failure to comply with court orders could not be blamed on counsel and was part of a pattern of noncompliance based on unsubstantiated claims about medical conditions); *Miller*, 2013 U.S. Dist. LEXIS 71451, at *7-8.

The second factor, a particularly significant one, examines such considerations as the loss of evidence, fading witness memories, and whether the adversary has been hampered in preparing "'a full and complete trial strategy.'" *Hildebrand*, 923 F.3d at 134 (quoting *Ware v.*

3

*Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003)).  Prejudice may include additional costs, repeated delays, and the need for additional motion practice caused by the party's abusive behavior.  *Miller*, 2013 U.S. Dist. LEXIS 71451, at *8-9 (citations omitted).  Aetna argues that it pursued discovery and engaged in motion practice based upon the claims of plaintiffs who were actively litigating their cases and that had Ohai taken steps to act, it would have pursued a strategy that prepared it to address her claims. The docket of the consolidated action (No. 07-3541) makes clear that the claims against Aetna were heavily and actively litigated over many years by the plaintiffs who chose to participate, which would have necessarily required Aetna to make strategic decisions along the way, particularly as deadlines passed and discovery closed. Combined with the significant passage of time and the absence of any indication in the record of how Ohai intended to litigate her case, the limitations imposed by her nonparticipation on the preparation of a defense supports dismissal.

Third, "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams v. Trustees of the N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994).  Again, Ohai has not litigated her case at all since it was transferred here in 2010, and consequently has not complied with any of the case management orders and, defendants have represented, did not participate in discovery.  This factor favors dismissal.

Fourth, "[w]illful or bad faith conduct can be understood as intentional or self-serving behavior." *Miller*, 2013 U.S. Dist. LEXIS 71451, at *10.  Although the record does not indicate bad faith, Ohai's silence in the face of numerous case management orders and the Court's order specifically directing her to explain her failure to prosecute is indicative of willful or intentional conduct.  This factor favors dismissal, albeit modestly.

4

As to the fifth factor, there is no basis for the Court to conclude that sanctions short of dismissal would be feasible or effective, particularly in view of Ohai's *pro se* status. *See Briscoe*, 538 F.3d at 262-63 (noting that *pro se* status of litigant meant expenses of unjustified motion practice could not be imposed on attorney). Additionally, Ohai's failure to develop her case in any manner eliminates the prospect of sanctions such as the use of evidentiary inferences. *See Stover v. Eckenrode*, 2005 U.S. Dist. LEXIS 32586, at *17 (E.D. Pa. Dec. 13, 2005) ("[A]dmitting certain evidence against [p]laintiff at trial would not be an effective sanction because it is unclear from the [c]omplaint what evidence [p]laintiff might seek to introduce."). No sanction short of dismissal would "mitigat[e] the prejudice caused by [the] dilatory behavior or delinquency" here. *Hildebrand*, 923 F.3d at 136.

As to the sixth factor, meritoriousness of the claims is decided on the pleadings. *Id.* at 137. Ohai's complaint asserted a series of claims under federal law, specifically the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, and Georgia state law based on Aetna's allegedly improper reimbursement practices for out-of-network medical services. Similar federal claims asserted through the vehicle of the third amended consolidated complaint filed on behalf of the putative class plaintiffs were largely dismissed in 2015 (Civ. Action No. 07-3541, D.E. 1024), although a claim for unpaid benefits under ERISA was not tested on that motion to dismiss and therefore was permitted to proceed. But even if Ohai's complaint, taking all factual allegations therein as true, could be viewed as having made a plausible claim to relief under ERISA, she has not participated, and shows no indication of participating in the future, in any adjudication of her case on the merits.

Finally, our local rules also support dismissal. L. Civ. R. 41.1 states: "Civil cases . . . which have been pending in the Court for more than 90 days without any proceedings having

been taken therein must be dismissed for lack of prosecution by the Court (1) on its own motion, or (2) on notice from the Clerk to all parties who have appeared, unless good cause is shown with the filing of an affidavit or other document complying with 28 U.S.C. § 1746 from counsel of record or the unrepresented party." Notice of either contemplated action is to be provided to counsel, their clients, and pro se litigants. *Id.* Ohai was personally noticed with the Court's order directing her to explain why her case should not be dismissed for lack of prosecution, and she submitted no response.

Ohai's complaint shall be dismissed. The *Poulis* factors strongly favor dismissal, and, in particular, the lengthy dormancy of this action, the attendant prejudice to the defendants, and Ohai's failure to comply with any court orders counsel that dismissal with prejudice is the proper course. *See Cox v. UPS*, 753 F. App'x 103, 107 (3d Cir. 2018); *see also* Fed. R. Civ. P. 41(b). An appropriate order will issue.

/s/ Katharine S. Hayden
Dated: July 22, 2020                                   Katharine S. Hayden, U.S.D.J.